**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN BRIAN LEDGARD,

Defendant - Appellant.

No. 12-50600

D.C. No. 2:08-cr-00982-DDP-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted July 8, 2014
Pasadena, California

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

Following a break-up with a former coworker ("FG"), Kevin Brian Ledgard

hacked into FG's bank, email, and Amazon accounts; made purchases and issued

checks in FG's name; circulated sexually explicit photos of FG to her family and

friends; and made good on threats that his revenge would continue to "get worse."

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Ledgard now appeals his convictions following a bench trial for three counts of unauthorized access to the computer of a financial institution in violation of 18 U.S.C. §§ 1030(a)(2)(A), (c)(2)(B)(ii) (Counts One through Three); two counts of unauthorized access to a protected computer in violation of 18 U.S.C. §§ 1030(a)(2)(C), (c)(2)(B)(ii) (Counts Four and Five); and three counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Counts Nine through Eleven). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The evidence was sufficient to establish that Ledgard's unauthorized access of FG's Amazon account "involved an interstate or foreign communication." *See* 18 U.S.C. § 1030(a)(2)(C) (2007). A rational trier of fact could have found beyond a reasonable doubt that the "interstate communication" element was met when Ledgard accessed FG's Amazon account through the Internet, ordered $7,000 of merchandise, and authorized Amazon to charge FG's credit card and ship the items to FG's home address. *See United States v. Sutcliffe*, 505 F.3d 944, 952–53 (9th Cir. 2007) (recognizing that "use of the internet is intimately related to interstate commerce," and that "[t]he Internet is an international network of interconnected computers").

A rational trier of fact could have found beyond a reasonable doubt that Ledgard's unauthorized access of FG's Hotmail account "involved an interstate or

foreign communication." *See* 18 U.S.C. § 1030(a)(2)(C) (2007).  Ledgard accessed FG's Hotmail account without authorization, obtained FG's father's email address, and sent a series of emails to FG's father in Japan in furtherance of his scheme.

The evidence was also sufficient to establish that Ledgard's unauthorized computer access was committed in furtherance of the California state tort of intentional infliction of emotional distress.  *See* 18 U.S.C. § 1030(c)(2)(B)(ii).  The government provided sufficient evidence as to each element of the underlying tort. Testimony from FG, her mother, her friend, and her former boss established that FG suffered severe emotional distress and that Ledgard's conduct was a substantial factor in causing FG's emotional distress.  A rational fact-finder could conclude that each count of computer intrusion was committed "in furtherance of" intentional infliction of emotional distress.  *Id.*

Applying 18 U.S.C. § 1030(c)(2)(B)(ii) to incorporate the California state tort of intentional infliction of emotional distress does not make the resulting statute unconstitutionally vague.  The terms "outrageous conduct" and "severe emotional distress" are well-defined in California case law and in California's model jury instructions.  *See Hailey v. Cal. Physicians' Serv.*, 69 Cal. Rptr. 3d 789, 806 (Cal. Ct. App. 2007) (defining "outrageous conduct"); *Fletcher v. Western*

*Nat'l Life Ins. Co.*, 89 Cal. Rptr. 78, 90 (Cal. Ct. App. 1970) (defining "severe emotional distress"); California Civil Jury Instruction, CACI §§ 1602, 1604 (2013). Moreover, because Ledgard's actions "clearly come within the statute," he cannot prevail on a void for vagueness challenge. *United States v. Kim*, 449 F.3d 933, 942 (9th Cir. 2006).

Sufficient evidence demonstrated that Ledgard's unauthorized computer access was committed in furtherance of the California state crime of false personation. *See* 18 U.S.C. § 1030(c)(2)(B)(ii). As soon as Ledgard accessed FG's bank account and issued checks in FG's name, FG "might" have become liable to pay the full amount of the checks. *See* Cal. Penal Code § 529. Likewise, as soon as Ledgard accessed FG's Amazon account and purchased goods with FG's credit card, FG might have become liable to pay the credit card charge. *Id.*

Counts Two through Five serve as predicate felony violations for Ledgard's aggravated identity theft convictions (Counts Nine through Eleven). *See* 18 U.S.C. § 1028A(a)(1) (requiring that the identity theft be committed "during and in relation to any felony violation" enumerated in the statute). Because the evidence is sufficient to support Counts Two through Five, Ledgard's corresponding convictions for aggravated identity theft (Counts Nine through Eleven) also stand.

**AFFIRMED.**